Nancy DOUGLAS, Plaintiff–Appellant,

v.

**FIRST UNUM LIFE INSURANCE COMPANY, Defendant–Appellee.**

No. 07–1082–cv.

United States Court of Appeals, Second Circuit.

Oct. 7, 2008.

* The Honorable John F. Keenan, United States District Court for the Southern District of

Nancy Douglas, Huntington Station, N.Y., for Plaintiff–Appellant.

Patrick W. Begos, Begos Horgan & Brown, LLP, Westport, CT, for Defendant–Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Circuit Judges, and Hon. JOHN F. KEENAN, Judge.*

**SUMMARY ORDER**

Nancy Douglas appeals from a grant of summary judgment given by the United States District Court for the Southern District of New York (Marrero, *J.*) in favor First Unum Life Insurance Company ("First Unum"), dismissing Douglas's complaint. The complaint alleged that First Unum unreasonably denied her request for long term disability benefits.

New York, sitting by designation.

The parties agree that the applicable policy required Douglas to file her claim by May 26, 2003, which she did not do. First Unum's Late Notice Claim Procedures further provided that "if the claim is submitted after the time limit set forth in the policy, [First Unum] must evaluate whether the claimant's delay was unreasonable." Douglas did not file until October 2003, well past the deadline, but offered various reasons for the delay. First Unum investigated Douglas's claim and the reasons she gave for her late filing—including her assertion that she had relied on the advice of her attorney—and determined that "it was possible" for Douglas to have provided it with proof of her claim within the time limit. First Unum therefore denied Douglas's claim and her subsequent administrative appeal. Douglas later filed a complaint against First Unum pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, alleging that First Unum had unreasonably and arbitrarily and capriciously denied her request for benefits. Douglas and First Unum both moved for summary judgment, which the District Court granted in favor of First Unum. Douglas appealed.

On June 19, 2008, after the District Court granted summary judgment and dismissed Douglas's complaint, the Supreme Court rendered its decision in *Metropolitan Life Insurance Company v. Glenn,* —— U.S. ——, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008). The Court noted that, as in the case before us here, "[o]ften the entity that administers the [ERISA] plan, such as an employer or an insurance company, both determines whether an employee is eligible for benefits and pays benefits out of its own pocket." *Id.* at 2346. The Court held that "this dual role creates a conflict of interest; that a reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits; and that the significance of the factor will depend upon the circumstances of the particular case." *Id.*

In light of *Glenn* and the fact that under the policy before us First Unum "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket," *Glenn,* 128 S.Ct. at 2346, we VACATE and REMAND to the District Court to consider whether it applied the appropriate standard in dismissing Douglas's claims. Given that Douglas is currently pursuing her claims *pro se,* and given that our remand order requires consideration of a recent and complicated Supreme Court decision involving ERISA, it may be advisable for her to have the assistance of counsel. We therefore instruct the district court to consider appointing counsel to represent Douglas in these proceedings if she desires such representation. *Cf. McEachin v. McGuinnis,* 357 F.3d 197, 205 (2d Cir.2004); *Gayle v. Gonyea,* 313 F.3d 677, 684 (2d Cir.2002) (citing 28 U.S.C. § 1915(e)(1)).